IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| KARAMOKO DIANE<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. 4:23-cv-00008-DC-DF |
| ANDREE HAYNES and SMARTWAY EXPRESS, INC.<br>*Defendants.* | §<br>§<br>§<br>§ | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, KARAMOKO DIANE ("PLAINTIFF"), complaining of ANDREE HAYNES and SMARTWAY EXPRESS, INC. (collectively "DEFENDANTS"), and files this Plaintiff's First Amended Complaint and for cause of action would show this Honorable Court the following:

**I. PARTIES**

2. PLAINTIFF is an individual who resided in Texas at the time the cause of action accrued.

3. Defendant, ANDREE HAYNES, ("HAYNES"), is an individual who resided at, and may be served with process at, his last known residential address: 323 S. 3RD STREET, GUTHRIE, OK 73044, or wherever he may be found. ***Defendant HAYNES has already been served, and has appeared and answered through counsel of record, Sergio E. Chavez, Rincon Law Group, P.C., 1014 N. Mesa St., Ste. 200, El Paso, Texas 79902.***

4. Defendant, SMARTWAY EXPRESS, INC., ("EXPRESS"), a Corporation authorized to, doing business in, and maintaining sufficient minimum contacts with the State of Texas, may be served with process by serving its Registered Agent, INCORP.

SERVICES, INC., at its Registered Office at 8825 N. 23RD AVE., SUITE 100, PHOENIX, AZ 85021, or wherever it may be found. ***Defendant EXPRESS has already been served, and has appeared and answered through counsel of record, Sergio E. Chavez, Rincon Law Group, P.C., 1014 N. Mesa St., Ste. 200, El Paso, Texas 79902.***

## II. JURISDICTION

5. The court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a), because PLAINTIFF KARAMOKO DIANE is a citizen and resident of the State of Texas, defendant HAYNES is a citizen and resident of the State of Oklahoma, defendant EXPRESS is a citizen and resident of the State of Arizona (diversity of citizenship exists), and the amount in controversy exceeds $75,000.00, excluding interests and costs.

## III. VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(c), because DEFENDANTS are conducting a substantial amount of business and maintaining sufficient minimum contacts with the State of Texas. In a state that has more than one judicial district, and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, said corporate defendant shall be deemed to reside in any district in the state within which its contacts would be subject to personal jurisdiction.

7. Additionally, due to the majority of the witnesses (including PLAINTIFF), the treating physicians and the experts residing in Texas, and for the convenience and sake of judicial economy, along with the costs associated with travel, venue is proper in this district. Therefore, the Western District of Texas is the proper venue where this action should be heard.

## IV. FACTUAL BACKGROUND

8. It has become necessary to bring this cause of action because of injuries and damages sustained by PLAINTIFF on or about April 2, 2021, as the result of a vehicular collision that occurred at or around 501 VAN HORN DR., VAN HORN, TX 79855 in Culberson County, Texas. Suddenly and without warning, Defendant HAYNES, while driving defendant EXPRESS' vehicle while in course and scope of his employment and/or agency with defendant EXPRESS, failed to control defendant EXPRESS' tractor trailer and struck PLAINTIFF's Dodge Ram, directly and proximately causing the collision and PLAINTIFF's severe injuries and damages.

## V. NEGLIGENCE / RESPONDEAT SUPERIOR

9. DEFENDANTS HAYNES and EXPRESS are liable for their negligence in failing to act as a reasonable and prudent person would have acted under the same or similar circumstances. DEFENDANTS HAYNES and EXPRESS' negligence directly and proximately caused PLAINTIFF's injuries and damages.

10. Defendant HAYNES owed PLAINTIFF a duty to exercise ordinary care and to operate defendant EXPRESS' vehicle in a reasonable and prudent manner. Specifically, defendant HAYNES breached this duty in one or more of the following ways:

- (a) Failing to control defendant EXPRESS' tractor trailer and striking PLAINTIFF's Dodge Ram;

- (b) Failing to operate defendant EXPRESS' tractor trailer as a reasonable and prudent person would have under the same or similar circumstances;

- (c) Failing to maintain a proper lookout; and

- (d) Failing to pay attention as would a person of ordinary prudence.

11. Pleading further, PLAINTIFF would show that defendant EXPRESS is liable to PLAINTIFF pursuant to the doctrine of *respondeat superior* in that defendant HAYNES was

acting within the course and scope of his employment and/or agency with defendant EXPRESS at the time of defendant HAYNES' negligent acts and/or omissions made the basis of this lawsuit.

12. Each of DEFENDANTS' foregoing negligent acts and/or omissions, whether taken singularly or in any combination, caused PLAINTIFF's severe injuries and damages.

## VI. JURY DEMAND

13. PLAINTIFF hereby demands a trial by jury and would show that the appropriate fee is paid or will be paid pursuant to the Federal Rules of Civil Procedure.

## VII. PLAINTIFF'S INJURIES AND DAMAGES

14. As a direct and proximate result of DEFENDANTS' above-described acts and/or omissions of negligence, PLAINTIFF suffered actual damages within the jurisdictional limits of this Court.

15. Specifically, PLAINTIFF's damages are as follows:

(a) Physical pain and mental anguish in the past and future;

(b) Reasonable and necessary cost of medical care and treatment in the past and future;

(c) Physical impairment and disfigurement in the past and future;

(d) Lost wages in the past;

(e) Lost earning capacity in the future;

(f) Pre-judgment and post-judgment interest;

(g) All other special items of damage necessarily incurred as a result of DEFENDANTS' negligence; and

(h) Monetary relief greater than $250,000.00, but less than $1,000,000.00.

## VIII. MISNOMER

16. In the event any party or parties are misnamed, or are not included herein, it is

PLAINTIFF's contention that such was a "misnomer" of parties named herein.

## IX. PRAYER

17. For these reasons, PLAINTIFF prays this court cite DEFENDANTS to appear and answer herein and that PLAINTIFF have judgment taken against DEFENDANTS, jointly and severally, and recover all damages allowed by law, pre-judgment and post-judgment interest as allowed by law, and costs of court which the Honorable Court deems appropriate.

Respectfully submitted,

**SMITH & HASSLER**

*/s/ Antone L. Peterson*
Texas Bar No. 24113439
*/s/ Brent M. Cordell*
Texas Bar No. 24005953
1225 North Loop West, Suite 525
Houston, Texas 77008
For E-service Only:
cordell@smithandhassler.com
Tele: (713) 739-1250
Fax: (713) 864-7226

**ATTORNEYS FOR PLAINTIFF
KARAMOKO DIANE**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of April, 2023, a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedure on the following:

Sergio E. Chavez, Esq.
Rincon Law Group, P.C.
1014 N. Mesa St., Ste. 200
El Paso, Texas 79902

**COUNSEL FOR DEFENDANTS SMARTWAY EXPRESS, INC. AND ANDREE HAYNES**

*/s/ Antone L. Peterson*
Antone L. Peterson