IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| KARAMOKO DIANE,<br> *Plaintiff,*<br><br>v.<br><br>ANDREE HAYNES and<br>SMARTWAY EXPRESS, INC.,<br> *Defendants*. | §<br>§<br>§<br>§ No. PE:23-CV-00008-DC-DF<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

  BEFORE THE COURT is Defendant Smartway Express, Inc.'s ("Smartway") Partial Motion to Dismiss Under Rule 12(b)(6) and Motion for More Definite Statement Under Rule 12(e) (hereafter and respectively, "Motion to Dismiss" and "Motion for MDS"). (Doc. 13). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Smartway's Motion to Dismiss and Motion for MDS each be **GRANTED**. (Doc. 13).

**I. BACKGROUND**

  Plaintiff Karamoko Diane ("Plaintiff") was allegedly driving a Dodge Ram near Van Horn, Texas, on or about April 2, 2021, when she collided with a tractor trailer driven by Defendant Andree Haynes ("Haynes") (collectively with Smartway, "Defendants"). Haynes, was purportedly driving the tractor trailer in the course and scope of his employment and/or agency with Smartway.[1]

  On January 26, 2023, Plaintiff filed suit against Defendants in state court under Cause No. 5875, *Karamoko Diane v. Andree Haynes et al.*, in the 205th Judicial District of Culberson County,

---

1. (Doc. 12 at 3).

Texas (hereafter, "State Court Action").[2] Defendants removed the State Court Action to this Court on February 23, 2023.[3] Smartway moved to dismiss this case on March 2, 2023, alternatively seeking a more definite statement.[4] On April 19, 2023, with the Court's permission, Plaintiff filed the instant First Amended Complaint.[5] In the First Amended Complaint, Plaintiff maintains a direct negligence action against Haynes, as well as a vicarious respondeat superior action against Smartway. For these, Plaintiff seeks various forms of damages.

Smartway filed its renewed and instant Motion to Dismiss and Motion for MDS on May 3, 2023, requesting either dismissal or a more definite statement based on Plaintiff's damage item reading "All other special items of damage."[6] Plaintiff has not filed a response to the motion or moved for leave to amend his complaint. Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

### A.    Federal Rule 12(b)(6)

When a defendant files a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the trial court must assess whether a complaint states a plausible claim for relief.[7] The court must accept "all well-pleaded facts in the complaint as true and viewed in the light most favorable to the plaintiff."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

On the other hand, if the complaint only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," dismissal is appropriate.[10] "Threadbare recitals of the

---

2. (*See* Doc. 1-1).
3. (*See id.*).
4. (Doc. 3).
5. (Doc. 12).
6. (*See generally* Doc. 13).
7. *See Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013) (citing *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)).
8. *See id.*
9. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
10. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

elements of a cause of action, supported by mere conclusory statements, do not suffice."[11] The court should dismiss a complaint if the court can only infer the mere possibility of misconduct, or if the plaintiff has only alleged that he is entitled to relief rather than stating a claim that is "plausible on its face."[12]

**B.      Federal Rule 12(e)**

Federal Rule of Civil Procedure 8 requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] In a negligence cause of action, a plaintiff must provide enough information for the defendants to identify the duties allegedly breached and the damages claimed.[14] Alternatively, the plaintiff must provide sufficient information to exclaim the theories of negligence pursuant to which the plaintiff is suing and to which defendants are to respond.[15]

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under [Federal] Rule 12(e) before responding."[16] Under Federal Rule 12(e), a defendant "must point out the defects complained of and the details desired."[17] "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede its ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted."[18]

If the court grants the defendant's Federal Rule 12(e) motion, the plaintiff is required to file a more definite statement clarifying any challenged ambiguities or otherwise "contain[ing] sufficient

---

11. *Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).
12. *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 570).
13. Fed. R. Civ. P. 8(a)(2).
14. *See Great Atl. & Pac. Tea Co. v. Jones*, 294 F.2d 495, 497 (5th Cir. 1961).
15. *Garcia v. Excel Corp.*, 1995 WL 103350, at *2 (5th Cir. Mar. 1, 1995) (citing *Great Atlantic*, 294 F.2d 495) (unpublished).
16. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985) ("In order to ensure sufficient specificity, district courts have a ready tool in the [Federal Rule] 12(e) motion for more definite statement.").
17. Fed. R. Civ. P. 12(e).
18. *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 946 (N.D. Tex. 2014) (alteration and internal citations omitted).

information to allow a responsive pleading to be framed."[19] The court is thus able to "insist that the plaintiff put forward specific, nonconclusory factual allegations" that, if taken as true, establish the elements of each of the plaintiff's claims.[20] In any event, the court is afforded "sound and considered discretion" to grant or deny the motion for a more definite statement.[21]

### III. DISCUSSION

Smartway contends that Plaintiff's live Complaint inadequately requests in ¶ 15(g) as an element of damages "[a]ll other special items of damage necessarily incurred as a result of DEFENDANTS' [*sic*] negligence."[22] According to Smartway, the First Amended Complaint is "devoid of facts" supporting the "recovery of consequential or special damages" and should therefore be dismissed as to these damages. In the alternative, Smarway maintains that the ¶ 15(g) damages item is "unintelligible" and "fail[s] to satisfy [Federal Rule of Civil Procedure] 9(g)," and should therefore be supplemented for clarification.[23]

**A.     Plaintiff's Failure to Respond**

Plaintiff has neither responded to the instant motion nor moved to amend his complaint. Pursuant to Local Rule CV-7(d)(2), if no response is filed within the time period prescribed under the Local Rules, the Court "may grant the motion as unopposed." The timeframe for a response to a dispositive Federal Rule 12 motion such as the one before the Court is fourteen days.[24] Accordingly, Plaintiff's response was due on May 17, 2023, fourteen days after the instant motion was filed. With no response having been filed, Plaintiff has missed his deadline.

---

19. *Beanal v. Freeport-McMoran, Inc.* 197 F.3d 161, 164 (5th Cir. 1999); *see also Roque v. Jazz Casino Co.*, 338 F. App'x 402, 405 (5th Cir. 2010) (citing Fed. R. Civ. P. 12(e)).
20. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (internal citation omitted).
21. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).
22. (Doc. 13 (citing Doc. 12 at 4)).
23. (*Id.* at 2, 5).
24. Local Rule CV-7(d)(2).

While some courts grant these motions as unopposed under the guise of Local Rule CV-7,[25] the United States Court of Appeals for the Fifth Circuit admonishes lower courts from doing so where the motion would be dispositive of part or all of the case.[26] Further, the Federal Rules of Civil Procedure do not require a non-moving party to file a response in opposition to a motion to dismiss made pursuant to Federal Rule 12.[27] Thus, Local Rule CV-7 does not provide an "automatic grant" of unopposed, dispositive motions.[28] The undersigned accordingly finds it most prudent to address the merits of the motion instead of recommending it be granted outright for Plaintiff's failure to respond.[29]

Having decided that the Motion to Dismiss and Motion for MDS should be evaluated on their merits,[30] the undersigned analyzes the motions under the Federal Rule of Civil Procedure pursuant to which they are made.

**B.     Federal Rule 12(b)(6) Motion to Dismiss**

Smartway first seeks the dismissal of Plaintiff's allegations concerning "[a]ll other special items of damage necessary incurred as a result of DEFENDANTS' negligence." Smartway characterizes this item of damage as "unintelligible," and "assumes" it implicates "special or

---

25. *See, e.g.*, *Williams v. Lange*, No. W-21-CV-00895-ADA-DTG, 2022 WL 9569395 (Oct. 14, 2022) (recommending dismissal of entire case).
26. *See John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709–10 (5th Cir. 1985).
27. *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (unpublished).
28. *See John*, 757 F.2d at 709.
29. *Accord Culpepper v. Tex. Alcoholic Beverage Commission*, No. A-06-CA-830 LY, 2007 WL 9701403, at *2 n.2 (W.D. Tex. May 17, 2007).
30. The undersigned also recognizes that a motion to "dismiss" may not be the proper vehicle for eliminating a request for special damages, as courts often strike such insufficient requests from the otherwise facially valid complaint. *See Contreras v. City of Hanceville*, No. 5:18-cv-01748-LCB, 2019 WL 1979437, at *3 (N.D. Ala. May 3, 2019) (striking request for special damages relief); *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-cv-146-MSS-AAS, 2021 WL 7448243, at *3 (M.D. Fla. July 12, 2021) (striking special damages request); *Jones v. Home Fed. Bank*, No. CV09-336-CWD, 2010 WL 255856, at *6 (D. Idaho Jan. 14, 2010) (striking "other special" damages request); *but see Aguiar v. BT's on the River, LLC*, No. 22-cv-23111-KMW, 2023 U.S. Dist. LEXIS 91862, at *17–18 (S.D. Fla. May 24, 2023) (dismissing special damages request). There is no clear consensus on the matter. Thus, the undersigned finds no need to distinguish between the two here, and so uses the terms interchangeably. *See Republic Techs. (NA), LLC v. Gross*, No. 1:20-CV-00390-MAC-ZJH, 2022 WL 18232137, at *1 (E.D. Tex. Dec. 8, 2022) (recommending dismissal of special damages requests).

consequential damages."[31] Essentially, Smartway's basis for dismissal of this item of damage is that the phrase is too ambiguous to provide fair notice of the requested damages in this case.

Rule 9(g) of the Federal Rules of Civil Procedure[32] provides that "[i]f an item of special damage is claimed, it must be specifically stated."[33] In the Fifth Circuit, the rule is "designed to inform defending parties as to the nature of the damages claimed in order to avoid surprise."[34] Thus, it follows that the question of pleading specificity is anchored in large part to the type of damages requested. "The term 'special damages' is not defined in the [F]ederal [R]ules of [C]ivil [P]rocedure, but it has been construed to mean 'those elements of damages that are the natural, but not the necessary, consequence of defendant's conduct, and usually stem from the particular circumstances of the case.'"[35] Texas courts have long defined "special damages"—also known as "consequential damages"—in the same way[36]:

> [D]amages which naturally and necessarily flow or result from wrongful conduct alleged are regarded in legal contemplation as general damages, and need not be expressly pleaded. On the other hand, special damages are such as are the natural but not the necessary result of the act complained of, and are not recoverable unless specially pleaded.[37]

Therefore, in Texas, "general damages" are for "non-economic losses" such as the loss of reputation and mental anguish.[38] These damages are distinct from "special damages," which imply

---

31. (Doc. 13 at 3).
32. The issue of whether a pleading sufficiently *alleges* "special damages" pursuant to Federal Rule 9(g) is a question of federal—as opposed to state—procedural law. *See Hogan v. Wal-Mart Stores, Inc.*, 167 F.3d 781, 783 (2d Cir. 1999). State substantive law may inform the question of what constitutes "special damages" in the Federal Rule 9(g) context, but no federal court in the Fifth Circuit has expressly so determined. *NTBS Storage & Retrieval, Inc. v. Kardex Sys., Inc.*, No. CIV. 3:98CV0996-M, 2001 WL 238110, at *1, *1 n.2 (N.D. Tex. Mar. 30, 2001). This mystery notwithstanding, as discussed below, both Texas and federal courts "utilize the same definition for 'special damages.'" *Id.* at *1 n.2. Therefore, the issue of which substantive law applies need not be expressly decided.
33. Fed. R. Civ. P. 9(g).
34. *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962).
35. *NTBS Storage*, 2001 WL 238110, at *1 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1310 (2d ed. 1990)).
36. *See DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 180 (Tex. App.—Fort Worth 2012) (citing *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 163 (Tex. 1992) (Phillips, C.J., concurring)).
37. *Greyhound Lines, Inc. v. Duhon*, 434 S.W.2d 406, 412 (Tex. App.—Houston [1st Dist.] 1968) (quotation marks omitted).
38. *In re Lipsky*, 460 S.W.3d 579, 592 n.11 (Tex. 2015).

"specific economic losses."[39] The type of specific economic losses contemplated by special damages depends on the underlying causes of action asserted.[40] Personal injury plaintiffs in Texas, for example, can recover such special damages as loss of earning capacity, lost wages, and expenses for medical care.[41]

In this case, Plaintiff lists a number of non-economic general damages as well as several cognizable and readily quantifiable economic damages. These special damages include lost wages, lost earning capacity, and the cost of medical care. Clearly, Smartway is on notice that Plaintiff might seek the recovery of these damages.[42] Less clear, however, is what exactly "[a]ll other special items of damages" from ¶ 15(g) entails. All that is apparent is that, characterized as such by Plaintiff himself, ¶ 15(g) concerns special damages, thereby subjecting it to Federal Rule 9(g)'s particularized pleading requirements. These are not satisfied here.

Perhaps the Court would have a more informed idea of what Plaintiff would conceivably seek by this catch-all phrase if he had responded to the instant motion, in which case the undersigned could more confidently recommend striking the request without prejudice to refiling and granting specific leave to do so. Or maybe Plaintiff could have proffered some authority indicating that a residual special damages request located among other specified special damages items satisfies Federal Rule 9(g)'s heightened specificity requirement. But alas, Plaintiff has not. Instead, Plaintiff's live Complaint enumerates many of the recognized types of special damages available in personal

---

39. *Accresa Health LLC v. Hint Health Inc.*, No. 4:18-cv-00536, 2020 WL 4644459, at *45 (E.D. Tex. Mar. 19, 2020); *see also Lipsky*, 460 S.W.3d at 592 n.11.
40. *See, e.g.*, *Corrosion Prevention Techs. LLC v. Hatle*, No. 4:20-CV-2201, 2020 WL 6202690, at *5–6 (S.D. Tex. Oct. 22, 2020) (business disparagement); *Hudgins v. Mockingbird, Inc.*, 282 F. Supp. 367, 368–69 (E.D. Va. 1968) (personal injury); *Henry S. Miller Co.*, 836 S.W.2d at 163 (Phillips, C.J., concurring) (fraud).
41. *Cal Dive Offshore Contrs. Inc. v. Bryant*, 478 S.W.3d 914, 925 (Tex. App.—Houston [14th Dist.] 2015).
42. Smartway also argues that no facts exist in the live Complaint to warrant consequential or special damages. (Doc. 13 at 3–4). Yet Smartway's requested relief is only the dismissal of ¶ 15(g). However, ¶ 15(g) does not generally address the existence of *any* special damages, but rather special damages *beyond* those enumerated special damages in preceding subparagraphs, such as the cost of medical care. (Doc. 12 at ¶ 15(b)). Because granting Smartway's requested relief—that is, striking ¶ 15(g)—would not eliminate these other specified special damages, the argument that the live Complaint does not contain facts supporting any form of special damages need not be entertained.

injury claims. What "other special items" are conceivable is not readily apparent, and the undersigned detects no authority which would support finding the catch-all phrase to satisfy Federal Rule 9(g).[43] Though Plaintiff's allegations of medical care or lost wages or earning capacity are indeed recognized special damages, the existence or possibility of special damages other than those is unclear. Any special damage that is unenumerated and undefined in the live Complaint is not manifestly tied to a pecuniary loss to Plaintiff as a result of Smartway's alleged conduct, and Plaintiff's live Complaint is devoid of facts which may support the recognition of a novel form of special damages.[44] It therefore is nigh impossible to discern what additional types of special damages Plaintiff may be seeking or contemplating from the language provided.

It is true that, pre-removal, in state court was the first appearance of an "[a]ll other special items of damage" request.[45] Thus, by the time Smartway had removed this case to this Court, it was already aware of Plaintiff's request for special damages. As Smartway acknowledges, in its initial Federal Rule 12 motion, it also identified and raised grounds for dismissal or a more definite statement as to the special damages item in ¶ 15(g),[46] and "[i]dentical language" remains in the live Complaint.[47] Plaintiff does, as noted above, indeed mention several specific types of special damages recognized as recoverable by Texas courts. But beyond these enumerations, "[a]ll other special items of damage" provides no tangible or intangible metric upon which Smartway could direct its discovery or trial tactics. "[A] plaintiff complies with [Federal] Rule 9(g) by setting forth the specific type of special damage sought."[48] Plaintiff certainly enumerates some types, but ¶ 15(g) is not and does not contain any specification. Smartway would understandably be unable to determine what damages it may be liable for. Plaintiff's multiple bites at the pleading apple have resulted in

---

43. *Accord Home Fed. Bank*, 2010 WL 255856, at *6 (finding insufficient and striking language requesting "other special" damages).
44. *See Godby v. Marsh USA, Inc.*, No. 1:06-CV-3081-JEC, 2007 WL 9702281, at *4 (N.D. Ga. July 5, 2007).
45. (Doc. 1-1 at 4).
46. (Docs. 3 at 3; 13 at 2).
47. (Doc. 13 at 2).
48. *Charles E. Beard, Inc. v. Cameronics Tech. Corp.*, 120 F.R.D. 40, 42 (E.D. Tex. 1988).

negligible improvements in specifying his request for damages in ¶ 15(g). Compliance with Federal Rule 9(g) has not been assured.

Plaintiff, in asserting a general catch-all request for special damages, has failed to satisfy the elevated pleading standard established by Federal Rule 9(g). Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** pending the Court's resolution of the Motion for MDS, discussed below. (Doc. 13).

C.      **Federal Rule 12(e) Motion for MDS**

Smartway alternatively requests that, in the event the Court does not believe striking ¶ 15(g) is necessary at this stage, the Court order Plaintiff to provide a more definite statement regarding ¶ 15(g) pursuant to Federal Rule 12(e).

Federal Rule 12(e) motions are "generally disfavored" and are used "to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail."[49] Such motions are most appropriate "only when a pleading is so unintelligible, vague, or ambiguous that the opposing party cannot reasonably prepare a response."[50] Thus, the liberality of the policy of the Federal Rules of Civil Procedure, and particularly Federal Rule 8's notice pleading requirement, signifies that Federal Rule 12(e) "should not be used to . . . require a plaintiff to amend his complaint which under [Federal] Rule 8 is sufficient to withstand a motion to dismiss."[51] Elsewhere, interests of the judicial economy, substantive right, or jurisdictional questions are common grounds for granting Federal Rule 12(e) motions.[52]

In this case, the undersigned recommends granting Smartway's pending Federal Rule 12(b)(6) Motion to Dismiss on the damages item in ¶ 15(g). If the Court is not inclined to strike ¶ 15(g), the undersigned believes more definition to be appropriate. As noted above, a plaintiff is

---

49. *Teter v. C.R. Bard, Inc.*, No. SA-11-CV-009870DAE, 2013 WL 150336, at *2 (W.D. Tex. Jan. 14, 2013); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. May 9, 2001).
50. *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 671 (W.D. Tex. 2013).
51. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).
52. *See Charles E. Beard*, 120 F.R.D. at 42 (collecting cases).

required to specify the types of damages sought when seeking special damages under Federal Rule 9(g). Plaintiff has done this seemingly everywhere throughout its relief section except for in ¶ 15(g). "All other special items" in no way signifies a type of special damage sought, and in fact is on its face a generic term. Under the lens of Federal Rule 12(e), this is vague and ambiguous and provides no intelligible basis to permit a response to the term or develop a discovery strategy. The undersigned's own research as well as Smartway's pleadings can inform the special items specifically enumerated, but the catch-all "other special items" statement identifies no discernible ground for discovery, further research, or basis in law. That Plaintiff also has not responded to either motion to provide clarification or authority for the sufficiency of the statement does not instill confidence that it is adequate. While the ¶ 15(g) statement is indeed short and plain, it falls far beneath the threshold of Federal Rule 9(g) in its present state.[53]

To the extent that the Court does not believe striking ¶ 15(g) is warranted at this stage, the undersigned concludes that ¶ 15(g) is too vague, unintelligible, and ambiguous for a defendant to reasonably prepare a response. Smartway did not do so in its answer, and there is no reason to believe it otherwise could have.[54] Accordingly, the undersigned **RECOMMENDS** that Smartway's Motion for MDS be **GRANTED**. (Doc. 13).

### IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Smartway's Motion to Dismiss and Motion for MDS each be **GRANTED**. (Doc. 13).

Specifically, the undersigned **RECOMMENDS** that the Court **GRANT** Smartway's Motion for MDS and order Plaintiff to file, within **fourteen (14) days** of the entry of an order on this Report

---

53. *See Mule Team Express, Inc. v. ConAgra Foods-Lamb Weston, Inc.*, No. 14-cv-00475, 2014 WL 1789562, at *4 (W.D. La. May 5, 2014) (finding sufficient statement which allowed defendants to "reasonably prepare a response" although it was "certainly not a paragon of precision").
54. (Doc. 14); *see Lee v. CRST Expedited, Inc.*, No. SA-22-CV-484-FB (HJB), 2022 WL 18110061, at *2 (W.D. Tex. Oct. 28, 2022) (holding that defendant's answer, which admitted some facts but denied others, "undercut its argument that it lacks notice" of plaintiff's claims).

and Recommendation, a more definite statement adequately addressing the deficiencies described above concerning the damages item in ¶ 15(g) of the First Amended Complaint.

Further, the undersigned **RECOMMENDS** that, should the Court decide to grant the Motion for MDS and order Plaintiff to file a more definite statement within **fourteen (14) days** of the entry of an order on this Report and Recommendation, and should Plaintiff fail to comply with the Court order, Smartway's Motion to Dismiss be **GRANTED**, with the damages item in ¶ 15(g) stricken pursuant to Federal Rule 12(b)(6). (Doc. 13).

Lastly, the undersigned **RECOMMENDS** that, should the Court not decide to grant the Motion for MDS and order Plaintiff to file a more definite statement, Smartway's Motion to Dismiss be **GRANTED** outright, with the damages item in ¶ 15(g) stricken pursuant to Federal Rule 12(b)(6). (Doc. 13).

SIGNED this 12th day of June, 2023.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify

those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).